UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:16cv61275

ISSAM SALEH,

    Plaintiff,

v.

FIRST NATIONAL COLLECTION
BUREAU, INC, and PINNACLE CREDIT
SERVICES, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff ISSAM SALEH ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendants FIRST NATIONAL COLLECTION BUREAU, INC and PINNACLE CREDIT SERVICES, LLC (collectively, the "Defendants"), to wit, violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

## NATURE OF ACTION

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See*, 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban, one of which being:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C §1692f(1); *See*, Townsend v. Quantum3 Group, LLC, 535 B.R. 415, 426 (M.D. Fla. 2015) ("[l]ooking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the

agreement creating the debt or is otherwise permitted by state law." (quoting West v. Costen, 558 F.Supp. 564, 582 (W.D.Va.1983))).

5. Moreover, § 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, one of which being:

> (2) The false representation of--
>   (A) the character, amount, or legal status of any debt; or
>   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S.C. § 1692e.

## II. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

6. The Florida Consumer Collection Practices Act (the "FCCPA") is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also* Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

7. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.  However, the FCCPA "is different than its federal counterpart because it is not limited to debt collectors," Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002), and consequently, unlike the FDCPA, the creditor is not exempt from FCCPA liability, whether it be direct or vicarious.

8. Moreover, the FCCPA requires specialized notice, above-and-beyond that required by the FDCPA, in situations involving an assigned consumer debt, whereby such notice *must* precede any debt collection activates. *See*, Fla. Sta. § 559.715 ("*the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt.*" (emphasis added)).

9. As set forth in more detail below, FIRST NATIONAL COLLECTION BUREAU, INC's ("FNCB") written communication to Plaintiff violates the aforementioned provisions of the FDCPA and FCCPA, that of which PINNACLE CREDIT SERVICES, LLC ("PCS") is vicariously liable, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue in this District is proper because Plaintiff resides here, the Defendants transact business here, and the complained conduct of FNCB and/or PCS occurred here.

## PARTIES

12. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

13. FNCB is a Nevada corporation, with its principal place of business located in McCarran, Nevada.

14. PCS is a Minnesota corporation, with its principal place of business located in Minneapolis, Minnesota.

15. On information and belief, FNCB and PCS engage in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

16. The Defendants holds themselves out as a business providing debt collection services, whereby both PCS and FNCB are registered with the Florida Office of Financial Regulation as a consumer collection agency, and in particular, FNCB identified itself as a debt collector in correspondence sent to Plaintiff.

17. At all times material, the Defendants were acting as debt collectors in respect to the collection of Plaintiff's debts.

18. At all times material hereto, FNCB and PCS were corporations subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

19. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

20. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

21. Plaintiff is a "consumer" within the meaning of the FDCPA. *See*, 15 U.S.C §1692a(3).

22. PCS is a "debt collector" as defined by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

23. FNCB is a "debt collector" as defined by the FDCPA and FCCPA. Id.

24. On a date better known by PCS, PCS became the legal assignee of the Consumer Debt, in that, PCS obtained some legal right and/or interest in the Consumer Debt Which Plaintiff did not owe to PCS when the Consumer Debt was created.

25. On a date better known by the Defendants, PCS contracted with FNCB, whereby FNCB, on behalf of PCS, would attempt to collect the Consumer Debt from Plaintiff.

26. PCS provided FNCB with the requisite information to collect the Consumer Debt from Plaintiff, including but not limited to, Plaintiffs address, the loan balance, and interest rate, whereby the provision of such information was made with the purpose of endowing FNCB to engage in collection activates on it's (PCS's) behalf.

27. On or about May 25, 2016, FNCB sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

28. In the Collection Letter, FNCB stated "[t]his is to advise you that your delinquent account has been assigned to [FNCB] for collection by the above mentioned current creditor. *See*, Collection Letter.

29. The Collection Letter identifies PCS as the "Current Creditor."

30. The Collection Letter identifies "Citibank (South Dakota), N.A." as the "Original Creditor"

31. The "Original Creditor" identified by the Collection Letter is an entity separate and independent from PCS.

32. The Collection Letter constitutes "collection activity" within the meaning of § 559.715 of the FCCPA.

33. Plaintiff did not receive *any* notice of assignment of the Consumer Debt at least thirty (30) days before receiving the Collection Letter.

## AGENCY RELATIONSHIP AND LIABILITY

34. In Bent v. Smith, Dean & Associates, Inc., the Middle District of Florida found a creditor's liability for a debt collector's violations of the FCCPA a question of agency, stating that:

> Under Florida law, a principal may be held liable for the acts of its agent that are within the course and scope of the agency. Roessler v. Novak, 858 So.2d 1158, 1161 (Fla. 2nd DCA 2003). Although some agencies are based upon an express agreement, a principal may be liable to a third party for acts of its agent which are within the agent's apparent authority. Id. Vicarious liability for the actions of an independent contractor requires a showing of actual or apparent authority. *See*, Whetstone Candy Co., Inc. v. Kraft Foods, Inc., 351 F.3d 1067, 1077 (11th Cir.2003), … [whereby] [a]pparent authority is authority which a principal knowingly tolerates or permits, or which the principal by its actions or words holds the agent out as possessing. Roessler, 858 So.2d at 1161.

2011 WL 2746847, at *3 (M.D. Fla. July 14, 2011).

35. With respect to the matter at hand, at minimum, FNCB acted with apparent authority in attempting to collect the Consumer Debt on PCS's behalf.

36. FNCB sought to collect the Consumer Debt from Plaintiff because PCS had contracted with FNCB for such services.

37. Thus, because of the agency relationship between FNCB and PCS, the acts or omissions of FNCB done within the scope of said agency are viewed as the acts and/or omissions of PCS, and as a result, the acts and/or omissions of FNCB which otherwise violate FDCPA and/or FCCPA (whether individually or as PCS's agent) are violations for which PCS is vicariously liable.

## COUNT I.
## VIOLATION OF THE FDCPA
(*against* FIRST NATIONAL COLLECTION BUREAU and PINNACLE CREDIT SERVICES)

38. Plaintiff incorporates by reference paragraphs 19-37 of this Complaint as though fully stated herein.

39. The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); *See also*. <u>Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

40. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

41. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

42. Pursuant to Fla. Stat. § 559.715: "the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before

any action to collect the debt." Such notice safeguards against fraudulent collection attempts. Absent such notice, the least sophisticated consumer is more susceptible to the predatory practices of entities which fraudulently claim to have been assigned the debt in question to otherwise extort money from a debtor.

43. In light of the preceding, FNCB, by and through the Collection Letter, violated the FDCPA, to wit:

(a) Section 1692f(1) by attempting to collecting an amount (the Consumer Debt) it could not legally collect, in that, FNCB failed to provide Plaintiff with the notice and/or disclosures required by Fla. Stat. § 559.715, whereby such are explicitly required to precede *any* collection activity.

(b) Section 1692e(2) by portraying the Consumer Debt as otherwise collectable despite having failed to provide Plaintiff with the notice and/or disclosures required by Fla. Stat. § 559.715, whereby such are explicitly required to precede *any* collection activity.

44. As a result of FNCB's aforementioned FDCPA violations, whether committed individually or as the agent of PCS, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, and thus, Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and court costs from the Defendants.

## COUNT II.
## VIOLATION OF THE FCCPA
(*against* FIRST NATIONAL COLLECTION BUREAU and PINNACLE CREDIT SERVICES)

45. Plaintiff incorporates by reference paragraphs 19-44 of this Complaint as though fully stated herein.

46. In light of the preceding, FNCB, by and through the Collection Letter, violated the FCCPA, to wit:

   (a) Fla. Stat. § 559.72(9) by attempting to collect a debt and/or assert a legal right FNCB knew to be unlawful because it failed to provide the notice and/or disclosures required by Fla. Stat. § 559.715, whereby such is required before *any* debt collection activity was to be taken.

47. As a result of FNCB's aforementioned FDCPA violations, whether committed individually or as the agent of PCS, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, and thus, Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and court costs from the Defendants.

## DEMAND FOR JURY TRIAL

48. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against the Defendants, awarding Plaintiff the following relief:

   (a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by FIRST NATIONAL COLLECTION BUREAU, INC in attempting to collect the Consumer Debt and for which PINNACEL CREDIT SERVICES, LLC is vicariously liable.

   (b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by FIRST NATIONAL COLLECTION BUREAU, INC in attempting to collect the Consumer Debt and for which PINNACEL CREDIT SERVICES, LLC is vicariously liable.

   (c) An injunction prohibiting FIRST NATIONAL COLLECTION BUREAU, INC and PINNACEL CREDIT SERVICES, LLC from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)     Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e)     Any other relief that this Court deems appropriate and just under the circumstances.

DATED: June 14, 2016

                                                Respectfully Submitted,

                                                /s/ Thomas J. Patti
                                                **THOMAS J. PATTI, ESQ.**
                                                Florida Bar No.: 118377
                                                E-mail:    tpatti@thomasjohnlaw.com
                                                Thomas-John Law, P.A.
                                                110 SE 6th Street, Suite 1700
                                                Fort Lauderdale, Florida 33301
                                                Phone:      877-575-0010
                                                Fax:         954-507-9975

                                                               AND

                                                /s/ Jibrael S. Hindi
                                                **JIBRAEL S. HINDI, ESQ.**
                                                Florida Bar No.: 118259
                                                E-mail:    jibrael@jibraellaw.com
                                                The Law Offices of Jibrael S. Hindi
                                                110 SE 6th Street, Suite 1744
                                                Fort Lauderdale, Florida 33301
                                                Phone:      954-907-1136
                                                Fax:         855-529-9540

                                                *COUNSEL FOR PLAINTIFF*